Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| | | |
|---|---|---|
| HUB Advanced Network, LLC<br><br>Recurrida<br><br>vs.<br><br>Estado Libre Asociado de Puerto Rico, en representación de la **Administración de Servicios Generales (ASG),** E.L.A. de P.R., en representación de Puerto Rico Innovation and Technology Services (PRITS), Karla Mercado Rivera y otros<br><br>Peticionaria | TA2025CE00376 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2023CV11774<br><br>Sobre:<br><br>*Injunction* (Entredicho Provisional, *Injunction* Preliminar y Permanente) |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 11 de septiembre de 2025.

Comparece la Asociación de Administración de Servicios Generales (ASG o parte peticionaria), representada por el Estado Libre Asociado de Puerto Rico (ELA), mediante un Recurso de *Certiorari.* Nos solicita la revisión de la Resolución emitida y notificada el 29 de julio de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). Mediante el referido dictamen, el foro primario declaró No Ha Lugar una solicitud de orden protectora presentada por la parte peticionaria, en atención a unos documentos requeridos por HUB Advanced Network, LLC (HUB o parte recurrida).

Luego de evaluar el recurso sometido por ASG, prescindimos de la comparecencia de las partes recurridas y procedemos a

resolver. Véase Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a la pág. 15, 215 DPR __ (2025).

Examinada la totalidad del expediente a la luz del estado de derecho vigente, desestimamos el recurso por los fundamentos que expondremos a continuación.

**I.**

El 21 de diciembre de 2023, HUB[1] instó una Demanda[2] sobre nulidad del contrato RFP 23J-04568[3] en contra de la ASG, el ELA, y el Secretario del Departamento de Justicia. En síntesis, impugnó la validez del contrato otorgado el 30 de mayo de 2023 por la ASG a favor de Claro, Data Access Management, Inc. y Worldnet Telecommunications, LLC.

Tras una serie de incidencias procesales, el 20 de mayo de 2025, la parte recurrida remitió al oficial designado de la ASG un Aviso de Toma de Deposición, y le solicitó la entrega de una serie de documentos.

Así las cosas, el 30 de junio de 2025, el ELA, en representación de la ASG, presentó una Solicitud de Orden Protectora, en la cual señaló que los asuntos que se pretenden descubrir son privilegiados. Por su parte, el 28 de julio de 2025, HUB sometió una Moción en Oposición a Solicitud de Orden Protectora. Argumentó que, el material probatorio solicitado no goza del privilegio evidenciario, pues los documentos requeridos guardan relación con el proceso de subasta y el otorgamiento ilegal del contrato impugnado.

---

[1] Según las alegaciones recogidas en la Demanda, HUB es una corporación de responsabilidad limitada destinada a brindar servicios de telecomunicaciones.

[2] El 9 de febrero de 2024, la parte recurrida presentó una Demanda Enmendada para incluir como demandados a las siguientes entidades administrativas: el Departamento de Seguridad Pública, el Departamento de la Familia, la Oficina de Gerencia y Presupuesto, y la Administración de Rehabilitación Vocacional.

[3] En la Demanda, HUB solicitó la concesión de los siguientes remedios procesales: entredicho provisional, injunction preliminar, sentencia declaratoria y mandamus. No obstante, conviene puntualizar que, este Tribunal de Apelaciones dictó una Sentencia el 30 de julio de 2025, en la cual confirmó la determinación desestimatoria del injunction preliminar y mandamus peticionados por la parte recurrida Véase KLAN202400470.

Evaluados los argumentos de las partes, el 29 de julio de 2025, el foro primario dictó y notificó una Resolución en la cual declaró No Ha Lugar la orden protectora solicitada por la parte recurrida.

Inconforme, el 29 de agosto de 2025, la ASG recurrió ante nos mediante un Recurso de *Certiorari*, en el cual esbozó los siguientes señalamientos de error:

> *Erró el Honorable Tribunal de Primera Instancia en la aplicación de las normas procesales y sustantivas que rigen el acceso a la información pública, específicamente en asuntos relacionados a licitación gubernamental con mayor relevancia que la parte que solicita la información es un potencial licitador en el proceso de licitación lo que le daría una ventaja indebida sobre los demás licitadores.*

Al presentar su escrito, la parte peticionaria sometió una Moción para Asegurar Justa Causa, en la cual aseveró que enfrentó una serie de dificultades tecnológicas que le impidieron presentar oportunamente su recurso.

**II.**

Es norma reiterada que, la jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante para las partes. *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Por su trascendencia, los tribunales debemos examinar nuestra propia jurisdicción, así como aquella del foro de donde procede el recurso ante su consideración. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

Así pues, los foros adjudicativos no tenemos la discreción para asumir la jurisdicción en aquellos contextos en que no la tienen. *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 165 (2016); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009). La ausencia de tal autoridad no es un asunto que pueda

ser subsanado. *S.L.G. Szendrey Ramos v. F. Castillo, supra,* a la pág. 883. *Souffront v. A.A.A.,* 164 DPR 663 (2005). Por tal motivo, si carecemos de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685, 698 (2024); *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 600 (2014). En estos casos, ostentamos facultad de desestimar el recurso de conformidad con la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA, supra,* a la pág. 115.[4]

### B.

La Regla 52.2(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(b), preceptúa el término de cumplimiento estricto de 30 días para radicar el recurso de *Certiorari.* El referido término es prorrogable solo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *Certiorari.* Íd. En armonía con lo anterior, la Regla 32(c) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA, supra,* a las págs. 49-50, dispone el término de 30 para presentar el recurso de Certiorari:

> *(C) El recurso de certiorari para revisar cualquier otra resolución, orden o dictamen revisable por esta vía de conformidad con la ley, incluida una orden de protección, así como revisar una sentencia final producto de una solicitud de revisión de un laudo de arbitraje del Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los treinta días siguientes a la fecha del archivo en autos de una copia de la notificación de la resolución u orden recurrida, a menos que alguna ley especial aplicable disponga un término distinto. Este término es de cumplimiento estricto.*

Al constituir un término de cumplimiento estricto "los tribunales no están atados al automatismo que conlleva un requisito de carácter jurisdiccional y pueden, por lo tanto, proveer

---

[4] La precitada disposición, en referencia a la Regla 83(A)(2) del Reglamento del Tribunal de Apelaciones, permite desestimar el recurso por presentarse fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello.

el remedio que estimen pertinente, extendiendo el término según las circunstancias". *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 881 (2007); *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 564 (2000). Ahora bien, los foros adjudicativos no tienen autoridad para prorrogar este término de modo automático. *Lugo v. Suárez,* 165 DPR 729, 738 (2005); *Rojas v. Axtmayer Ent., Inc., supra,* a la pág. 564. Ello, pues, su discreción está limitada a aquellos supuestos en los que exista efectivamente una justa causa para la presentación tardía del recurso, y la parte que lo presenta exponga detalladamente las razones para la dilación. *García Ramis v. Serrallés,* 171 DPR 250, 253 (2007); *Lugo v. Suárez, supra,* a la pág. 738.

Sobre este particular, el Tribunal Supremo de Puerto Rico ha establecido la siguiente normativa:

> *Hemos manifestado que los tribunales pueden eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto, si están presentes estas dos condiciones: (1) que en efecto exista justa causa para la dilación, y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; esto es, que la parte interesada acredite de manera adecuada la justa causa aludida. Freire Ruiz et al. v. Morales, Hernández,* 2024 TSPR 129, 215 DPR __ (2024); *Rivera Marcucci et al. v. Suiza Dairy, supra,* a la pág. 171.

No obstante, es menester explicar que, la falta de justa causa o ante excusas vagas y generales, los tribunales no gozan de discreción para prorrogar los términos de cumplimiento estricto. *Div. Empleados Públicos UGT v. CEMPR,* 212 DPR 741, 751 (2023); *Rivera Marcucci et al. v. Suiza Dairy, supra,* a la pág. 168. A esos efectos no es con vaguedades, excusas o planteamientos estereotipados que se cumple con el requisito de justa causa, sino con explicaciones concretas, debidamente evidenciadas, que permitan concluir que la tardanza o demora ocurrió razonablemente, por circunstancias especiales. *Freire Ruiz et al. v.*

*Morales, Hernández, supra; García Ramis v. Serrallés, supra,* a la pág. 254.

## c.

En aras de garantizar el acceso a la justicia, el 24 de abril de 2025, el Tribunal Supremo de Puerto Rico emitió la Orden Administrativa, OAJP-2025-131, en la cual decretó que, a partir del 16 de junio de 2025, los asuntos competencia del Tribunal de Apelaciones de Puerto Rico se tramitarán exclusivamente a través del Sistema Unificado de Administración y Manejo de Casos (SUMAC).

En respuesta a este cambio, la Regla 2.1 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA, supra,* a las págs. 2-3, instaura las normas relativas a la presentación electrónica de recursos:

> *Cónsono con los propósitos de este Reglamento se establece que, a partir de la implementación del Sistema Unificado de Manejo y Administración de Casos (en adelante, SUMAC), todos los recursos y demás escritos, así como las resoluciones y decisiones judiciales, deberán presentarse y tramitarse a través de esta plataforma electrónica o cualquier otra que le sustituya, según autorizada por el Juez Presidente o la Jueza Presidenta del Tribunal Supremo. La presentación de escritos a través del SUMAC equivaldrá a la presentación en la Secretaría del Tribunal de Apelaciones.*
>
> *De igual forma, para fines de la presentación electrónica de documentos, una firma electrónica equivaldrá a una firma en manuscrito o de puño y letra. Se exceptúa de lo anterior: (1) aquellos documentos que no puedan presentarse electrónicamente mediante el SUMAC por tratarse de una persona litigante que se represente por derecho propio, hasta tanto se implemente la tecnología necesaria para esto y se tomen las medidas administrativas correspondientes; (2) todo documento u objeto que, por su propia naturaleza, por ley o por orden judicial no pueda presentarse electrónicamente; (3) aquellos documentos que por problemas técnicos asociados a la plataforma electrónica no puedan presentarse electrónicamente. Estos documentos objetos se presentarán físicamente en la Secretaría del Tribunal de Apelaciones, salvo que por orden judicial o administrativa se disponga de otra manera.*

De mediar alguna de las circunstancias excepcionales discutidas, la Regla 72(A) del referido cuerpo permite la presentación física del recurso antes del vencimiento del término aplicable:

> *Cuando no sea posible presentar un escrito electrónicamente, este deberá ser presentado en la Secretaría del Tribunal de Apelaciones antes del vencimiento del término aplicable y en el horario regular de oficina de las ocho y treinta de la mañana hasta las cinco de la tarde o lo depositará en el buzón de presentaciones disponible desde las cinco de la tarde hasta las once y cincuenta y nueve de la noche en días laborables. In re Aprob. Enmdas. Reglamento TA, supra, a la pág. 99.*

En consistencia con lo anterior, el Poder Judicial adoptó las Directrices Administrativas para la Presentación y Notificación Electrónica de Documentos Mediante el Sistema Unificado de Manejo y Administración de Casos y el Formulario Interactivo (Directrices Administrativas)[5]. El apartado XIX de este cuerpo normativo dispone que, en casos de ocurrir problemas técnicos, la representación legal deberá acoger el siguiente trámite para someter el recurso:

> *Cuando la representación legal de una parte no pueda presentar un documento por problemas técnicos del Tribunal Electrónico, ya sea porque la plataforma se encuentre averiada o en mantenimiento, presentará el escrito personalmente en la Secretaría del Tribunal con competencia sobre el caso o lo depositará en el buzón de presentaciones del Centro Judicial correspondiente. Ello deberá ocurrir antes del vencimiento del término aplicable y en el horario regular de 8:30 a.m. a 5:00 p.m. Íd.*

De no poder presentar el recurso ante la Secretaría o a través del buzón, la Oficina de Administración de los Tribunales, previa notificación a la comunidad jurídica, podrá autorizar la presentación de los escritos (en formato PDF) mediante los correos electrónicos de los diversos centros judiciales provistos en las Directrices Administrativas. Íd.

---

[5] Aprobadas mediante la OAJP-2013-173 de 10 de enero de 2014, según enmendadas por la OAJP-2017-14 de 2 de marzo de 2017, OAJP-2021-088 de 13 de diciembre de 2021, Circular Núm. 21 de 13 de diciembre de 2021, OAJP-2025-131 de 24 de abril de 2025 y la Circular Núm. 26 de 24 de abril de 2025.

De acoger alguna de las alternativas discutidas, la parte presentará una moción para acreditar los esfuerzos realizados para someter su recurso electrónicamente, según exige el apartado XIX de las Directrices Administrativas. A esos fines, deberá radicar la Declaración sobre Presentación Física o por Correo Electrónico de Moción por Problemas Técnicos del SUMAC (Formulario OAT 1728 o Declaración sobre Presentación Física).

**III.**

Luego de evaluar sosegadamente el recurso presente, determinamos que carecemos de jurisdicción, pues la ASG presentó su recurso tardíamente sin que exista justa causa para ello. A esos efectos, conviene repasar el trasfondo procesal de este caso. Veamos.

Surge del expediente ante nos que, el 29 de julio de 2025, el foro primario dictó y notificó el dictamen interlocutorio impugnado. Emitido ese dictamen, precisamos que la ASG no sometió escrito de reconsideración, por lo que, el término para acudir a este foro apelativo no se interrumpió. Ante tales circunstancias, razonamos que, dicha parte debió presentar su recurso en o antes del 28 de agosto de 2025, entiéndase, previo al vencimiento de los 30 días contemplados en la Regla 52.2(b) de Procedimiento Civil, *supra*, y la Regla 32(C) del Reglamento del Tribunal de Apelaciones, *supra*. Sin embargo, sometió su escrito el 29 de agosto de 2025, en exceso del término dispuesto en los cuerpos reglamentarios discutidos.

A los fines de justificar su demora, notamos que la parte peticionaria simplemente indicó que enfrentó problemas técnicos al someter su recurso mediante la plataforma del SUMAC. No obstante, puntualizamos que tales dificultades técnicas por sí solas no constituyen causas justificadas para acoger el recurso sometido tardíamente. Destacamos que la mera alusión a ciertos contratiempos tecnológicos no equivale a la existencia de

circunstancias razonables debidamente evidenciadas que nos permitan prorrogar el término de estricto cumplimiento aquí inobservado. Por tanto, reiteramos que, en ausencia de causas que justifiquen la demora, nos encontramos imposibilitados de asumir la jurisdicción sobre el recurso en cuestión.

Advertimos, además, que ante los problemas técnicos señalados, la ASG, por conducto de su representación legal, debió oportunamente explorar los diversos mecanismos que provee nuestro ordenamiento jurídico para presentar su recurso acompañado de una Declaración sobre Presentación Física (Formulario OAT 1728). En ese sentido, destacamos que, frente a los fallos tecnológicos alegados, la parte peticionaria tenía la alternativa de someter su escrito personalmente en la Secretaría del Tribunal o al buzo de presentaciones. De no resultar tales vías, también, tenía la opción de presentar el recurso a través del correo electrónico provisto en las Directrices Administrativas siempre y cuando solicitara la autorización correspondiente.

Sin embargo, observamos que la ASG no optó por tales mecanismos de presentación. Al contrario, subrayamos que sometió su Recurso de *Certiorari*, una vez venció el término de estricto cumplimiento sin aducir causas justificadas respecto a su demora. Por consiguiente, concluimos que estamos privados de jurisdicción para atender en sus méritos el presente caso. En virtud de este razonamiento, nos compete desestimar el recurso presentado tardíamente, según nos faculta la Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones, *supra.*

**IV.**

Por los fundamentos que anteceden, los que hacemos constar en este dictamen, desestimamos el recurso presentado tardíamente por la Asociación de Administración de Servicios Generales, toda vez que carecemos de jurisdicción, según nos

faculta la Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones, *supra.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones